IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JULIUS ALFRED GOODWIN III,

    Plaintiff,

v().

DANE COUNTY JAIL and
LAWRENCE THOMAS,

    Defendants.

OPINION and ORDER

Case No. 20-cv-980-wmc

---

*Pro se* plaintiff Julius Alfred Goodwin III brings this action under 42 U.S.C. § 1983 against defendants Dane County Jail and inmate Lawrence Thomas, claiming that his constitutional rights were violated when Thomas assaulted him at the jail. Goodwin's complaint is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). After review, the court concludes that plaintiff's complaint is subject to dismissal for failure to satisfy the requirements of Federal Rule of Civil Procedure 8. However, before dismissing this lawsuit, the court will give plaintiff an opportunity to file an amended complaint that corrects the deficiencies described below.

OPINION

Plaintiff Julius Goodwin was being held at the Dane County Jail at all times relevant to his claims.[1] On June 12, 2020, Goodwin reported to Deputy Riphon that he was concerned that his life was in danger because of inmate Lawrence Thomas. Riphon recorded Goodwin's statement and put him in his cell. The next day, Goodwin submitted

---

[1] Courts must read allegations in *pro se* complaints generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court assumes the facts above based on the allegations made in plaintiff's complaint.

a grievance about his concern, and was told that if he had concerns, he should contact the floor deputy as soon as possible. Then Goodwin submitted a "Keep Separate" request for Thomas, which he says was ignored. Rather, it appears he was told that there was limited housing at the jail due to COVID protocols. On June 20, 2020, Thomas hit Goodwin in the face.

The court understands plaintiff to be pursuing a claim against Dane County Jail for failing to protect him from Thomas's assault, and against Thomas for assaulting him under Wisconsin law. However, plaintiff's complaint does not identify a defendant subject to suit under § 1983 or any other federal statute or constitutional provision.

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). Plaintiff seeks to proceed against Dane County Jail for failing to protect him from Thomas's assault, but the jail is not a "person" subject to suit under § 1983. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail or department within the jail cannot be sued under § 1983 because it cannot accept service of the complaint). Thomas is not subject to suit under § 1983 because plaintiff has not alleged that this defendant was acting under color of state law. Rather, plaintiff's claim against Thomas would likely be for assault and battery under Wisconsin law. Yet this court cannot review state law claims unless it relates to a federal claim pending in the same case, *see* 28 U.S.C. § 1367, or plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000, *see* 28 U.S.C. § 1332. Given that the court has not

2

granted plaintiff leave to proceed on any federal claim, and plaintiff does not invoke this court's diversity jurisdiction with respect to Thomas, this lawsuit is subject to dismissal in its entirety for failure to state a claim. *See St. John's United Church of Christ v. City of Chi*, 502 F.3d 616, 625 (7th Cir. 2007) (dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

However, it appears that plaintiff may be able to articulate a claim under § 1983 against the jail official or officials, perhaps Deputy Riphon and/or others, involved in responding to his concerns about Thomas. Therefore, the court will give plaintiff a brief window of time, until **December 21, 2021,** to submit a proposed amended complaint that identifies a proper defendant, provides more details about how the proposed defendant or defendants were involved in failing to protect him from Thomas's assault, and identifies the basis for this court's jurisdiction over his claim against Thomas. If plaintiff is seeking to invoke this court's diversity jurisdiction under § 1332, he must allege the state of his own and Thomas's citizenship, which is his and Thomas's domicile, or the place in which they each reside and intend to live in the long term. *Myrick v. WellPoint, inc.*, 764 F.3d 662, 664 (7th Cir. 2014). Plaintiff should draft his amended complaint as if he were telling a story to someone who knows nothing about the events at hand, focusing on providing a timeline of the materials events. He should be sure to identify the specific defendant or defendants who are being sued, and the specific actions taken by each defendant that plaintiff believes violated his rights and when those events took place. If plaintiff does not know the name of the individual or individuals that were involved, he should identify them as "John Doe" or "Jane Doe" in his amended complaint. If after screening his amended

3

complaint the court grants him leave to proceed, plaintiff will have the opportunity to learn the identities of the Doe defendants against whom he is allowed to proceed through the discovery process.

ORDER

IT IS ORDERED that:

1. Plaintiff Julius Goodwin's complaint is DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

2. Plaintiff has until **December 21, 2021**, to file an amended complaint that corrects the deficiencies described above. Plaintiff's failure to file an amended complaint by that deadline will cause this court to dismiss his claims with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 30th day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge